UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HONGNIAN GUO,<br>    Plaintiff,<br><br>v.<br><br>BRANDON TOMKIEWICZ and AMY HUFF-HARRIS,<br>    Defendants. | C.A. No. 23-cv-342-MSM-LDA |

# ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Hongnian Guo, alleges that the defendants, Brandon Tomkiewicz and Amy Huff-Harris, committed legal malpractice. (ECF No. 1.) The defendants move to dismiss Mr. Guo's complaint for lack of personal jurisdiction and for failure to state a claim under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (ECF No. 6.) Because this Court lacks personal jurisdiction over the defendants, the defendants' Motion to Dismiss under Rule 12(b)(2) is GRANTED.

This legal malpractice action arises out of the defendants' representation of the plaintiff in Massachusetts state court for three post-judgment family court matters. (ECF No. 6 at 4.) The plaintiff alleges that the defendants' conduct during their representation violated their duties and harmed him. (ECF No. 1.) Both defendants are citizens of Massachusetts. *Id.* Neither defendant is admitted to practice law in Rhode Island, nor do they seek business here. (ECF No. 6-2 at 75-79.) Mr. Guo is a citizen of Rhode Island. *Id.* During the parties' attorney-client relationship, all in-

person meetings took place in Massachusetts, and all appearances made by the defendants were in Massachusetts Probate Court. *Id.*

The defendants move to dismiss under Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). (ECF No. 6.) When faced with a motion to dismiss under both 12(b)(2) and 12(b)(6), a district court should ordinarily decide the 12(b)(2) motion first. *Ne. Erectors Ass. v. Sec'y of Lab.*, 62 F.3d 37, 39 (1st Cir. 1995). Under that Rule, the plaintiff bears the burden of proffering sufficient facts to establish that a district court has personal jurisdiction over the defendants. *Daynard v. Ness, Motley Loadholt Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002).

When deciding a motion to dismiss under Rule 12(b)(2), "a district court may choose from among several methods for determining whether the plaintiff has met [his] burden." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016). This choice is informed chiefly by the state of the record, the extent to which the merits of the underlying claim are intertwined with the jurisdictional issue, and the district court's assessment of whether it would be "unfair to force an out-of-state defendant to incur the expense and burden of a trial" without first requiring a substantial showing of the facts necessary to establish jurisdiction. *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-46 (1st Cir. 1995). Under the prima facie approach—which is the appropriate approach to apply at this stage of the case—"the district court acts not as a factfinder, but as a data collector," *id.* at 145, asking only whether the plaintiff has proffered facts that, if credited, would support all findings "essential to personal jurisdiction," *id.* The district court must

take the plaintiff's properly documented evidentiary proffers as true and construe them in the light most favorable to the plaintiff's jurisdictional claim. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54,58 (1st Cir. 2016).

The Supreme Court recognizes two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021). A court may exercise general jurisdiction only when the defendant is "essentially at home" in that state. *Goodyear Dunlop Tires Operations, S. A v. Brown*, 564 U.S 915, 919 (2011). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Id.* at 924. Specific jurisdiction covers defendants less intimately connected with a state, but only as to a narrower class of claims. To be subject to specific jurisdiction, the defendant must take "some act by which [he] purposefully avails [him]self of the privilege of conducting activities within the forum state." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). And the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 272 (2017).

Mr. Guo pleads that because he contracted with the defendants while he was living in Rhode Island, and because the defendants knew he was living in Rhode Island, this Court has jurisdiction over the defendants. (*See* ECF No. 7 at 1.) Mr. Guo does not allege the defendants are domiciled in Rhode Island or otherwise at home in the state. *Id.* In other words, his plea does not support this Court's exercise of general jurisdiction. *Goodyear*, 564 U.S. at 924.

To determine whether Mr. Guo's attorney-client relationship with the defendants establishes this Court's specific jurisdiction, the Court must evaluate the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing … [to] determine[e] [if the] defendant purposefully established minimum contacts within the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Assuming the truth of Mr. Guo's allegation that the defendant attorneys knew he was a Rhode Island citizen when the parties' established their relationship, Mr. Guo—nevertheless—fails to meet his burden. *Daynard*, 290 F.3d at 50. Mr. Guo does not allege that the attorneys solicited him or otherwise *purposefully* established any contacts with Rhode Island. *Hanson*, 357 U.S. at 253. And this action arises out of a legal matter exclusively in Massachusetts state court. *Bristol-Myers Squibb Co*, 582 U.S. at 272. Put simply, Mr. Guo fails to proffer facts sufficient to support this Court's exercise of specific jurisdiction. *Id.*; *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 290 (1st Cir. 1999) ("The mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state.").

Because this Court cannot constitutionally exercise personal jurisdiction over the defendants, their Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) (ECF No. 6) is GRANTED. As this dismissal is on jurisdictional grounds, it is made without prejudice.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
May 23, 2024